IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA



TERRANCE HAYES, a/k/a )
HERUCHUTI ASAR, an individual, )
)
        Plaintiff, )
)
v. )
) 1:03CV1196
JA RULE, an individual, )
IRV GOTTI, an individual, )
MURDER INC. RECORDS, )
INTERSCOPE RECORDS, INC., )
DEF JAM RECORDS INC., and )
UNIVERSAL MUSIC GROUP INC., )
)
        Defendants )

### ORDER OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on Plaintiff's motion to compel Defendants Irv Gotti and Ja Rule to respond to Plaintiff's discovery requests (docket no. 60), on Plaintiff's motion to compel Defendants Murder Inc. Records, Universal Music Group, Inc., and Def Jam Records, Inc. (hereinafter referred to as the "the record company Defendants") to respond fully and adequately to Plaintiff's discovery requests (docket no. 66), and on Plaintiff's motion to amend his complaint (docket no. 65). Defendants have also filed a motion for summary judgment with the court, but that motion has not yet been referred to the undersigned.

Under Rule 37, a party may move for an order to compel discovery when it has received no response to its interrogatory and document requests, provided that

the movant "has in good faith conferred or attempted to confer" with the opposing party in an attempt to secure the sought responses. See FED. R. CIV. P. 37(a)(2)(B). Rule 37 also allows the court to impose sanctions on the non-responsive party. FED. R. CIV. P. 37(a)(4). In fact, Rule 37 states that the court "shall" award reasonable fees to the movant if the motion to compel is granted so long as a good faith attempt to confer with the non-responsive party is shown, unless the opposing party's nondisclosure, response, or objection was substantially justified or other circumstances make an award of expenses unjust. FED. R. CIV. P. 37(a)(4)(A).

Motion to Compel as to Defendants Irv Gotti and Ja Rule

As for the motion to compel against Defendants Ja Rule and Irv Gotti, the record shows that these two individual defendants were properly served with the complaint and summons on December 29, 2003, but they failed to file a timely answer. Upon Plaintiff's motion, the clerk entered default against them on August 24, 2004. On August 27, 2004, Defendants Ja Rule and Gotti filed an answer. On September 8, 2004, they filed a motion to set aside the entry of default. The court ordered a hearing on the motion, which was held on November 1, 2004. After the hearing, the court set aside the entry of default, the parties submitted their Rule 26(f) report, and discovery commenced.

Defendants Ja Rule and Gotti, however, have refused to participate in discovery. Plaintiff served discovery requests on Defendants Ja Rule and Gotti on January 25, 2005, but they have not responded to the requests, nor have they

sought extensions of time to respond, nor has the court received any motion for protective order. Defendants Irv Gotti and Ja Rule have clearly not responded to Plaintiff's discovery requests. Thus, the court will grant Plaintiff's motion to compel discovery as to Defendants Irv Gotti and Ja Rule. Defendants Gotti and Ja Rule shall have 20 days to respond fully and adequately to Plaintiff's discovery requests.

Plaintiff seeks attorney's fees against Defendants Irv Gotti and Ja Rule under FED. R. CIV. P. 37(a)(4)(A) for failure to comply with Plaintiff's discovery requests. Plaintiff also requests that the court sanction Defendants Gotti and Ja Rule by striking their answer pursuant to FED. R. CIV. P. 37(b)(C)(2). As to Plaintiff's request for attorney's fees and costs in connection with bringing the motion to compel, Rule 37(a)(4)(A) provides:

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

See FED. R. CIV. P. 37(a)(4)(A). The plain language of Rule 37(a) states that, after giving the non-complying party an opportunity to be heard, the court shall award attorney's fees for failure to respond to discovery. Defendants Gotti and Ja Rule have been given an opportunity to be heard on the attorney's fees issues in that they

-3-

Case 1:03-cv-01196-WLO    Document 88    Filed 06/29/05    Page 3 of 7

could have addressed it in a response to Plaintiff's motion to compel, but they wholly failed to file a response to the motion. Thus, the court finds that Plaintiff is entitled to recover attorney's fees and costs against Defendants Gotti and Ja Rule.

At this time the court will not strike the answer of Defendants Gotti and Ja Rule. Given their refusal to participate in this litigation and to oppose the instant motion, however, the court warns Defendants Ja Rule and Gotti that further non-compliance may subject them to the harshest of possible sanctions against them, including an order of default judgment against them. Finally, the court reminds Defendants Gotti and Ja Rule that refusing to comply with Plaintiff's discovery requests on the ground that Plaintiff's claims lack merit is not a permissible grounds for objecting to discovery. Indeed, discovery is the very means by which the parties determine whether a plaintiff's claims can survive a summary judgment motion. The court notes that, without providing discovery responses and without opposing the motion to compel, Defendants Ja Rule and Gotti filed a motion for summary judgment on June 23, 2005, adopting the arguments made in the record company Defendants' motion for summary judgment. This court cannot and will not rule on the summary judgment motion until the court is satisfied that Plaintiff has received adequate discovery responses from Defendants Ja Rule and Gotti.

Motion to Compel as to the Record Company Defendants

As for the motion to compel against the record company Defendants, the court

-4-

has gleaned from statements in papers submitted by the parties (see docket no. 76, ¶ 3) as well as through contact with the clerk's office and informal contact with the parties' attorneys, that the record company Defendants and Plaintiff may have settled their issues over the discovery responses. Thus, it appears that the motion to compel as to the record company Defendants has been mooted. In the event that outstanding issues remain with regard to the discovery responses, Plaintiff shall have until Friday, July 8, 2005, to file a renewed motion to compel specifying any remaining disputes. Finally, the court finds that Plaintiff is entitled to recover attorney fees and costs in connection with bringing the motion to compel against the record company Defendants.[1]

## Plaintiff's Motion to Amend the Complaint

The court next considers Plaintiff's motion to amend his complaint. Plaintiff filed a motion to amend the complaint on April 29, 2005. In support of the motion to amend, Plaintiff asserts that through recent communications with counsel for Defendant Island Def Jam Music Group, Plaintiff discovered that Island Def Jam Music Group has an ownership interest in Defendant Murder Inc. Records. Plaintiff, therefore, seeks to amend his fraud and fraudulent inducement claims, previously

---

[1] As with Defendants Gotti and Ja Rule, the corporate Defendants have been given an opportunity to be heard on the issue of attorney's fees in accordance with Rule 37 in that they could have addressed it in a response to the motion to compel, but they failed to file a timely response.

-5-

directed towards Defendant Murder Inc. Records and other Defendants, to also be directed toward Defendant Island Def Jam Music Group. Plaintiff would also like to amend the complaint to make several, non-substantive and clerical changes, including (a) fixing the caption and introductory paragraph based on the motion to amend party names filed and granted on February 15, 2005; (b) correcting the reference in paragraph 16 from Tyson Reid to Marcus Tyson; and (c) removal of the former Sixth Claim for Relief, which Plaintiff voluntarily dismissed in the motion to amend granted on May 10, 2004. Plaintiff asserts that the motion to amend is timely because it was brought soon after learning of the relationship between Defendant Island Def Jam Music Group and Defendant Murder Inc. Records, and furthermore allowing the amendment would not prejudice Defendants as they have been aware of the parties' relationships and counsel for Defendant Island Def Jam Music Group and Defendant Murder Inc. Records are the same. Defendants have not opposed Plaintiff's motion to amend the complaint. The motion to amend the complaint is granted, as the court finds that Defendants will not be prejudiced by adding Defendant Island Def Jam Music Group to Plaintiff's fraud allegations.

## CONCLUSION

In accordance with the foregoing, Plaintiff's motion to compel discovery as to the individual Defendants Ja Rule and Irv Gotti is hereby **GRANTED** (docket no. 60). Defendants Irv Gotti and Ja Rule are ordered to respond to Plaintiff's interrogatories and document requests no later than July 18, 2005.

The motion to compel as to the record company Defendants is **DENIED** as moot because it appears that the parties have informally resolved their outstanding discovery disputes (docket no. 66). In the event that outstanding issues remain with regard to the discovery responses, however, Plaintiff shall have until Friday, July 8, 2005, to file a renewed motion to compel specifying any remaining disputes.

Furthermore, by the same date of July 8, Plaintiff's counsel shall submit an affidavit to the court outlining the expenses, including attorney's fees, incurred in bringing *both* motions to compel the discovery responses. Defendants shall have until July 18 in which to contest generally the award of expenses and/or the specific amount claimed.

Finally, Plaintiff's motion to amend the complaint is **GRANTED** and the clerk is directed to file the proposed amended complaint in this case (docket no. 65).

**IT IS SO ORDERED.**

/s/ Wallace W. Dixon
Wallace W. Dixon
United States Magistrate Judge

Durham, NC

June 28, 2005